Paul W. Pickelle, Esq. Corporation Counsel, Yonkers
You have asked whether a city may limit the number of charter commissions that may be established and limit the life of such a commission.
A local law providing a new or revised city charter may be adopted through the formation of a charter commission (Municipal Home Rule Law, § 36). The city legislative body may adopt a local law providing for the establishment of a charter commission or providing for the submission to the electors of the city of the question whether a charter commission should be established (id., § 36[2]). If at the same election more than one proposal (under this subdivision) to establish a commission receives approval, the one receiving the largest number of affirmative votes is deemed adopted (ibid.).
Also, the qualified electors of a city may petition for the submission of a local law establishing a charter commission to the electorate for approval (id., § 36[3]). If at the same election more than one proposed local law (under this subdivision) to establish a charter commission receives the affirmative vote of a majority of the electors, the one receiving the largest number of votes is deemed adopted (ibid.).
A charter commission may also be created by the mayor (id., § 36[4]).
Thus, under these provisions charter commissions may be established in three ways — the legislative body itself may establish one or it may submit a proposal to establish a commission to the electorate for approval; the people may petition to place a proposal to establish a commission on the ballot; and a commission may be established by the mayor. There is nothing in section 36 indicating that only one commission may be established. There are, however, limitations on the presentation of proposals by more than one charter commission at the same election (id., § 36[5][e]).
In our view, there is no authority for a city locally to limit the number of charter commissions that may be established. The procedure for establishing and amending a city charter is not within the scope of home rule powers granted to a city (NY Const, Art IX; Municipal Home Rule Law, § 10).
Second, you ask whether a city can limit the number of years that a charter commission may remain in existence. We believe that State law governs this question. A new charter or amendments to a charter must be completed and filed in the office of the city clerk in time for their submission to the electors not later than the second general election after the charter commission was created and organized (id., § 36[5][b]).
We conclude that a city is not authorized to limit the number of charter commissions that may be established. State law requires that the work of a charter commission be completed in time to present proposals to the electors no later than the second general election after the charter commission was created and organized.